## Almon G. Danforth and Henry Danforth v. James L. Scott.

1. VERDICTS—*Supported by the Evidence.*—According to the evidence offered on behalf of the plaintiff as to the value of his services, he earned enough within five years before suit brought to warrant the allowance made him by the jury, and, as it was a question of fact as to what the services were reasonably worth, and there was sufficient evidence to support the verdict, it must stand.

**Assumpsit,** for services as an agent.   Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the November term, 1896.   Affirmed.   Opinion filed June 16, 1897.

J. W. DOUGHERTY and EMERY ANDREWS, attorneys for appellants.

JAMES W. & EDWARD C. CRAIG and ISAAC B. CRAIG, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The plaintiff sued defendant in assumpsit and recovered a verdict for $614.24.   After a motion for a new trial was denied, a judgment was rendered accordingly, from which the defendants have prosecuted this appeal.   The claim of the plaintiff was for services as agent in looking after certain lands belonging to defendants, selling, renting, making improvements, etc.

That the plaintiff did render such services for a long time is not to be denied, but it is claimed there were payments, and that the statute of limitations barred the main part of the demand covered by this verdict.

. According to the evidence offered on behalf of the plaintiff, his services were worth $300 per annum, and, if so, he performed enough after the last payment, and within five years before suit brought, to warrant the allowance made him by the jury.   It was a question of fact as to what the

services were reasonably worth, and there was sufficient evidence to support the finding.

This view of the matter makes it unnecessary to consider whether the bar of the statute was removed by a promise to pay, a point much discussed in the brief of appellants.

Regardless of this, the proof sustains the plaintiff in his allegation as to the value of services rendered within the five years. We find no error in the admission of testimony, and there is no complaint as to the giving or refusing of instructions. The jury were amply instructed as to the law of limitations applicable, and there appears to be no good ground upon which we can interfere with the judgment.

It will therefore be affirmed.